UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARCELLUS McMURRAY,

                    Plaintiff,

-against-

(JUDGE) ROBERT STOLZ; (JUDGE) LAURA
WARD; (D.A.) DASHA KABAKOVA; (D.A.
CYRUS VANCE JR.; (N.Y.P.D.) STEPHEN
POLESOVSKY (OFFICER),

                    Defendants.

1:21-CV-7730 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Marcellus McMurray, who appears *pro se*, filed this action alleging that the defendants violated his federal constitutional rights as well as the New York Penal Law. He sues: (1) Justice Robert Stolz of the New York Supreme Court, New York County; (2) Justice Laura Ward of the New York Supreme Court, New York County; (3) New York County Assistant District Attorney Dasha Kabakova; (4) New York County District Attorney Cyrus Vance Jr.; and (5) New York City Police Officer Stephen Polesovsky. Plaintiff seeks damages as well as dismissal of his state-court conviction. The Court construes the complaint as asserting claims for damages and injunctive relief under 42 U.S.C. § 1983, claims for *habeas corpus* relief under 28 U.S.C. § 2254, as well as claims under state law.

By order dated September 21, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: Officer Polesovsky stated that on January 27, 2014, in Manhattan, he observed Plaintiff hit another person with a cane, and then arrested Plaintiff.[1] Plaintiff went to state court on March 24, 2014, but his criminal action was adjourned. On April 2, 2014, he "was denied [his] right to appear at the grand jury. . . ." (ECF 2, at 5.) Plaintiff returned to state court on April 9, 2014, but his criminal action was adjourned again. Thereafter, his criminal action was adjourned on the following dates: May 14, 2014, June 27, 2014, July 7, 2014, and September 17, 2014.

Justice Stolz, who presided over Plaintiff's criminal action, told the Assistant District Attorney prosecuting the criminal action that if the prosecution "wasn't ready on the next court date, he was going to []dismiss[]" the criminal action. (*Id.* at 5-6.) On October 1, 2014, Plaintiff's criminal action was transferred to Justice Ward. Fourteen days later, on October 15, 2014, Justice Ward adjourned the criminal action. Justice Ward then transferred Plaintiff's criminal action back to Justice Stolz on November 5, 2014, and on December 3, 2014, Justice Stolz again adjourned the criminal action. One day later, on December 4, 2014, Justice Stolz transferred the criminal action back to Justice Ward, who transferred the criminal action back to Justice Stolz on the same date. Justice Stolz then transferred the criminal action to Justice Pickholz, who said, "get this 'BS' out [of] his courtroom. . . ." (*Id.* at 6.) On December 9, 2014, Plaintiff was "back in" Justice Ward's courtroom. (*Id.*)

On December 11, 2014, Plaintiff was found not guilty of assault in the third degree – a misdemeanor – which was the offense with which he was charged. On that same date, however,

---

[1] Plaintiff alleges that, according to Polesovsky, "there was no video because[] the camera[s] [were] out of service and the other camera[s] [were] pointed in the opposite direction." (ECF 2, at 5.)

Plaintiff was found guilty of felony charges on which he was never arraigned or indicted.[2] He

was convicted of these felonies even though "there [were] no injuries to the alleged victim or any

hospital or medical records or any pain suffered or no ambulance called because there wasn't any

injuries. . . ." (*Id.* at 10.)[3]

      Plaintiff seeks damages and is "asking for this miscarriage of justice to be resolved and

dismissed." (*Id.* at 11.)

## DISCUSSION

### A.    Justices Stolz and Ward

      The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against Justices Stolz

and Ward under the doctrine of judicial immunity. Under this doctrine, judges are absolutely

immune from civil suit for money damages for any actions taken within the scope of their

judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (*per curiam*). "[E]ven

allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d

204, 209 (2d Cir. 2009). This is because "[w]ithout insulation from liability, judges would be

subject to harassment and intimidation. . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Moreover, as amended in 1996, Section 1983 provides that "in any action brought against a

judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief

---

[2] Court records attached to Plaintiff's complaint show that on December 11, 2014, a jury found Plaintiff guilty of criminal possession of a weapon in the third degree and attempted assault with intent to cause personal injury with a weapon. (ECF 2, at 9-10); *see also People v. McMurray*, 143 A.D.3d 542 (1st Dep't 2016) (noting that on February 11, 2015, Plaintiff was convicted, following a jury trial presided over by Justice Ward, of criminal possession of a weapon in the third degree and attempted assault in the second degree, and that Plaintiff was sentenced, as a second felony offender, to an aggregate prison term of two to four years), *leave to appeal denied*, 28 N.Y.3d 1148 (2017).

[3] Plaintiff seems to allege that the speedy-trial time limitations in New York Criminal Procedure Law § 30.30 expired, but he was still prosecuted. (*See* ECF 2, at 8.)

shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

There are only two sets of circumstances in which judicial immunity does not apply: (1) when the judge takes action that is outside the judge's judicial capacity, or (2) when the judge takes action, that, although judicial in nature, is in the absence of all jurisdiction. *Mireles,* 502 U.S. at 11-12. Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. "[T]he scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against Justices Stolz and Ward arise from their actions while presiding over Plaintiff's state-court criminal action, including their decisions relating to alleged speedy-trial violations. Those judges are therefore immune from suit under the doctrine of judicial immunity. *See Corley v. Wittner*, 811 F. App'x 62, 63 (2d Cir. 2020) (summary order) ("The district court correctly held that the state court judge and prosecutors were absolutely immune from suit as to [the plaintiff's] speedy trial, fair trial, and obstruction of justice claims. . . ."); *Johnson v. Constantellis*, No. 03-CV-1267, 2005 WL 2291195, at *18 (S.D.N.Y. Aug. 10, 2005) ("[E]ven if [the plaintiff's] speedy trial claim were of constitutional dimensions, there would be no basis for adding [the state-court judge] as a defendant since he is entitled to absolute immunity for the acts that he undertook as a judge."), *report & recommendation adopted in pertinent part, modified in part on other grounds*, (S.D.N.Y. Sept. 20, 2005), *aff'd*, 221 F. App'x 48 (2d Cir. 2007) (summary order).

For these reasons, the Court dismisses Plaintiff's claims against those judges under the doctrine of judicial immunity and because those claims are frivolous. *See* 28 U.S.C.

§ 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed

because of judicial immunity are frivolous for the purpose of the IFP statute, 28 U.S.C. § 1915).[4]

## B.   District Attorney Vance and Assistant District Attorney Kabakova

The Court must also dismiss Plaintiff's claims under Section 1983 for money damages

against District Attorney Vance and Assistant District Attorney Kabakova under the doctrine of

prosecutorial immunity. Prosecutors, like Vance and Kabakova, are immune from civil suit for

money damages for actions committed within the scope of their official duties where the

challenged activities are not investigative in nature but, rather, are "intimately associated with

the judicial phase of the criminal process." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012)

(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (internal quotation marks omitted))); *see*

*also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute prosecutorial immunity is

analyzed under a "functional approach" that "looks to the nature of the function performed, not

the identity of the actor who performed it" (internal quotation marks and citations omitted)). This

includes "acts reasonably related to decisions whether or not to begin or to carry on a particular

criminal prosecution, or to defend a conviction," *Giraldo*, 694 F.3d at 166, including acts alleged

to be speedy-trial violations, *see Corley*, 811 F. App'x at 63. In addition, prosecutors are

absolutely immune from suit for acts that may be administrative obligations but are "directly

---

[4] The amendment to Section 1983, allowing for injunctive relief against a judge only if a declaratory decree was violated or declaratory relief is unavailable, precludes Plaintiff from seeking injunctive relief against Justice Stolz or Justice Ward because Plaintiff could have and did, though unsuccessfully, appeal to the New York Supreme Court, Appellate Division, First Department, and to the New York Court of Appeals. *See McMurray*, 143 A.D.3d 542 (affirming Plaintiff's conviction), *leave to appeal denied*, 28 N.Y.3d 1148; *see generally Berlin v. Meijias*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors' direction as to where a criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and those prosecutors were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*))).

Plaintiff's claims under Section 1983 against Vance and Kabakova arise from their prosecution of Plaintiff. The Court therefore dismisses Plaintiff's claims under Section 1983 for money damages against Vance and Kabakova under the doctrine of prosecutorial immunity and as frivolous. *See* § 1915(e)(2)(B)(i), (iii); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the IFP statute).

## C.     Section 1983 claims of false arrest and malicious prosecution against Officer Polesovsky

In the State of New York, there is a three-year limitations period for claims brought under Section 1983. *Owens v. Okure*, 488 U.S. 235, 249-51 (1989). For claims of false arrest brought under that statute, the applicable limitations period begins to run at the time of the events that caused the injury. *See Wallace v. Kato*, 549 U.S. 384, 388-90 (2007) (claim of false arrest under Section 1983 accrues on the date of the arrest, if the arrest was carried out without a warrant). For claims of malicious prosecution under Section 1983, such a claim does not accrue until there is a favorable termination of the plaintiff's criminal proceedings. *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994).[5]

---

[5] For the purpose of a claim of malicious prosecution under Section 1983, a prosecution terminates in a plaintiff's favor when "the criminal proceedings against him [are] terminated in a manner indicating his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 29 (2d Cir. 2018).

The Court construes Plaintiff's allegations about Officer Polesovsky as asserting claims of false arrest and malicious prosecution under Section 1983. Plaintiff's allegations show, however, that his claim of false arrest is untimely,[6] and that his claim of malicious prosecution has not accrued. Plaintiff alleges that Polesovsky arrested him on January 27, 2014.[7] Thus, Plaintiff had three years from that date – or until January 27, 2017 – to file a complaint in which he raised a claim of false arrest under Section 1983. Plaintiff, who does not allege that he is incarcerated, did not file his complaint in this court until September 15, 2021, however – years after the applicable limitations period to bring such a claim expired. The Court therefore dismisses Plaintiff's claim of false arrest under Section 1983 against Polesovsky for failure to state a claim on which relief may be granted because it is untimely.[8] *See* § 1915(e)(2)(B)(ii).

_____

[6] "[A]lthough the statute of limitations is ordinarily an affirmative defense that the defendant must raise at the pleadings stage . . . , district courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." *Walters v. Indus. & Commercial Bank of China , Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (internal quotation marks and citations omitted).

[7] Because Plaintiff asserts that Polesovsky arrested him following Polesovsky's observing him hitting another person with a cane, it is clear that Polesovsky arrested him without a warrant.

[8] Even if this claim were timely, the Court would still dismiss it. "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest . . . under § 1983." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted)))."[I]t is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest. [W]hen faced with a claim for false arrest, [courts] focus on the validity of the *arrest,* and not on the validity of each charge."*Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) (emphasis in original). In other words, "so long as there is probable cause to arrest, it is of no significance . . . that [the] plaintiff was arrested for a different charge . . . than the charge for which he was later convicted." *McDaniel v. City of New York*, No. 1:20-CV-2832, 2020 WL 2614769, at *6 (S.D.N.Y. May 21, 2020) (internal quotation marks and citation omitted, alteration in original). A conviction conclusively establishes that probable cause existed. *Weyant*, 101 F.3d at 852. "But this is so only if the conviction 'survives appeal.'" *Id.* (citation omitted). Plaintiff's conviction, which survived appeal, *see McMurray*, 143 A.D.3d 542, *leave to appeal denied*, 28 N.Y.3d 1148, conclusively establishes that probable cause existed to arrest him. Thus, for that additional reason, Plaintiff fails to state a claim of false arrest under Section 1983.

Because Plaintiff fails to allege facts showing that his conviction was overturned or otherwise invalidated, *see McMurray*, 143 A.D.3d 542 (affirming Plaintiff's conviction), *leave to appeal denied*, 28 N.Y.3d 1148, his claim of malicious prosecution under Section 1983 against Polesovsky has not yet accrued. The Court therefore dismisses that claim without prejudice.

**D.      *Habeas corpus* relief**

The Court construes Plaintiff's claims in which he seeks relief from his state-court conviction as claims for federal *habeas corpus* relief. A federal district court has jurisdiction to consider a petition for a writ of *habeas corpus* filed by a person "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court of the United States has interpreted that statutory language as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A person is not "'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* at 491 (emphasis in original).

To the extent that Plaintiff seeks Section 2254 *habeas corpus* relief from his February 11, 2015 state-court conviction for which he was sentenced to a two-to-four-year aggregate prison term, *see McMurray*, 143 A.D.3d 542, Plaintiff alleges no facts showing that he was in custody with respect to that conviction at the time that he filed his complaint on September 15, 2021. Because it appears that Plaintiff's sentence expired before he filed his complaint, the Court lacks jurisdiction to consider Plaintiff's claims for Section 2254 *habeas corpus* relief. The Court

therefore dismisses Plaintiff's claims for Section 2254 *habeas corpus* relief for lack of jurisdiction.[9]

**E.      Claims under state law**

A district court may decline to exercise supplemental jurisdiction over a plaintiff's claims under state law when the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

---

[9] The United States Court of Appeals for the Second Circuit has cautioned federal district courts against construing a mislabeled submission as a Section 2254 petition in light of the "second or successive" provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b)(3)(A); federal district courts must normally give a *pro se* litigant notice and an opportunity to withdraw his submission before a court recharacterizes it as a Section 2254 petition, *see Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003). That is unnecessary here, however, because the Court's dismissal of Plaintiff's claims for Section 2254 *habeas corpus* relief is for lack of jurisdiction to consider those claims, which is not an adjudication on the merits and therefore does not trigger the ADEPA's second or successive provisions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000) ("[A] habeas petition filed after an initial petition was dismissed . . . without an adjudication on the merits is not a 'second or successive' petition.").

**F.**     **The Court denies Plaintiff leave to amend his complaint**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Court dismisses this action. The Court dismisses Plaintiff's claims under 42 U.S.C.

§ 1983 against Justices Stolz and Ward under the doctrine of judicial immunity and as frivolous.

*See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court also dismisses Plaintiff's claims under Section 1983 against District Attorney

Vance and Assistant District Attorney Kabakova under the doctrine of prosecutorial immunity

and as frivolous. *See id.*

The Court further dismisses Plaintiff's claim of false arrest under Section 1983 against

Officer Polesovsky for failure to state a claim on which relief may be granted, *see*

§ 1915(e)(2)(B)(ii), and his claim of malicious prosecution under Section 1983 against

Polesovsky without prejudice.

The Court additionally dismisses Plaintiff's claims in which he seeks *habeas corpus*

relief from his state-court conviction under 28 U.S.C. § 2254 for lack of jurisdiction. Because

these claims make no substantial showing of a denial of a constitutional right, a certificate of

appealability will not issue. *See* 28 U.S.C. § 2253.

The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims

under state law. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   October 1, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge