UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCELLUS McMURRAY,

                   Plaintiff,

-against-

(JUDGE) ROBERT STOLZ, et al.,

                   Defendants.

1:21-CV-7730 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order and judgment dated October 1, 2021, and entered three days later, the Court dismissed this *pro se* action. On November 5, 2021, Plaintiff filed a notice of appeal, as well as a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"). (ECF 6 & 7.) In his motion, Plaintiff states that he is "not sure[] if this paperwork will get to the court[] in time so [he is] asking for [an] extension if [he] need[s] the extension and due to Covid-19." (ECF 6, at 1.) For the reasons discussed below, the Court directs Plaintiff to show cause by declaration, within 30 days, why the Court should not deny his motion for an extension of time.

### DISCUSSION

      A litigant has 30 days from the entry date of the order or judgment he wishes to challenge to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). The Court's October 1, 2021, order and judgment dismissing this action were entered on October 4, 2021. Thus, Plaintiff had until November 3, 2021, to file a notice of appeal. Plaintiff did not file his notice of appeal until two days later, on November 5, 2021. Accordingly, his notice of appeal is untimely.

      Under Rule 4(a)(5), however, a litigant may seek an extension of time to file a notice of appeal. A motion for an extension of time under this rule must be filed within 30 days of the

expiration of the period to file a notice of appeal, and must also show good cause or excusable neglect. Fed. R. App. 4(a)(5)(A)(i), (ii). Because Plaintiff has until December 3, 2021, to file a motion for an extension of time, his motion is timely.

Rule 4(a)(5)'s "'good cause' standard . . . applies in situations in which there is *no fault* – excusable or otherwise, such as when the Postal Service fails to deliver a notice to appeal." *Alexander v. Saul*, 5 F.4th 139, 147 (2d Cir. 2021), *petition for cert. filed*, No. 21-6180 (Nov. 4, 2021) (internal quotation marks and citations omitted, italics in original). "Because the 'good cause' standard applies only in situations in which there is no fault, it requires a greater showing than excusable neglect." *Id.* (internal quotation marks and citations omitted). "Courts have accordingly declined to apply the 'good cause' standard in cases in which the movant's failure to prosecute a timely appeal was at least partially attributable to the movant's own inadvertence." *Id.* (footnote omitted). Thus, this standard only applies if a litigant can show that his need for an extension "arise[s] from a 'situation[ ] in which there [was] *no fault*' or in which []he was 'not . . . neglectful *at all*.'" *Id*. (citation omitted; second, third, and fourth alterations in original; italics in original).

Rule 4(a)(5)' s "excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." *Id.* (internal quotation marks, citation omitted). For this standard, courts consider the following four factors: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* at 148 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'shp.*, 507 U.S. 380, 395 (1993)) (internal quotation marks omitted, alteration in original). "Because the

requirement of filing a timely notice of appeal is mandatory and jurisdictional, [the Second Circuit has] taken a hard line in applying the . . . test for excusable neglect." *Id.* (internal quotation marks and citations omitted). Thus, more often than not, "a party claiming excusable neglect will, in the ordinary course, lose." *Id.*

Plaintiff asserts that "due to Covid-19," he was unable to file a timely notice of appeal. (ECF 6, at 1.) He does not allege any facts, however, showing good cause or excusable neglect for this failure. In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to show cause by declaration why the Court should not deny his motion for an extension of time under Rule 4(a)(5).

## CONCLUSION

The Court grants Plaintiff 30 days' leave to show cause by declaration why the Court should not deny his motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. A declaration form is attached to this order. Plaintiff may use that form to comply with this order.

If Plaintiff fails to comply with the time allowed, or fails to show good cause, the Court will deny Plaintiff's motion.

The Court directs the Court of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 16, 2021
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge